**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4601**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DARREN GERARD MCKEE,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:11-cr-00154-NCT-1)

Submitted:  April 27, 2021                     Decided:  April 30, 2021

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Gerard McKee appeals the district court's judgment revoking his term of supervised release and sentencing him to 7 months in prison, followed by a 14-year term of supervised release. McKee contends that the district court did not adequately consider his arguments for a lesser term of imprisonment. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes and citation omitted); *see* 18 U.S.C. § 3583(c) (listing § 3553(a) factors relevant to revocation sentences). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). A sentence within the applicable policy statement range is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Applying these standards, we conclude that McKee's 7-month

sentence—within the applicable 4- to 10-month policy statement range—is neither procedurally nor substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*